UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PIOTR ZWIERZYNSKI, )
 )
      Petitioner )
 )
v. ) Civil Action No.
 ) 04cv10854-RCL
JOHN ASHCROFT, ET AL., )
 )
 )
      Respondents )

<u>RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Poland presently detained by respondent Bureau of Immigration and Customs Enforcement ("respondent", "DHS")[1] pending execution of his final order of deportation. His petition to this Court asserts prolonged post-order detention in contravention of the Supreme Court's rule in <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of his final order of deportation, but only his continuing detention, in that he says his removal is not "reasonably foreseeable". Petition for Writ of Habeas Corpus, p. 13. However, because petitioner's deportation has now been scheduled for **May 10, 2004,** deportation is now "reasonably foreseeable" as required

---

[1] As of a Department of Homeland Security restructuring effective June 9, 2003, the responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Director for Detention and Removal, Department of Homeland Security,

by the Supreme Court in Zadvydas, and the case should be dismissed for failure to state a claim upon which relief may be granted. See Attachment A, Declaration of Supervisory Immigration Enforcement Agent Alan Greenbaum.

## ARGUMENT

I. BECAUSE PETITIONER'S DEPORTATION IS NOW SCHEDULED TO OCCUR ON **MAY 10, 2004**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of deportation, nor the enforceability of it.[2] Rather, he essentially complains about the history of DHS efforts to deport petitioner that, until now, have been unfulfilled.

Indeed, petitioner frankly declares his desire to be deported if possible: ("Mr. Zwierzynski . . . has consistently and doggedly tried to expedite his repatriation to Poland . . ."). Petition, p.7. Because petitioner's deportation is now scheduled for a date certain just 12 days from now (**May 10, 2004**), petitioner fails to state a colorable claim of unlawful detention.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period

---

Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

[2] There is no legal basis for a reinstatement of the Immigration Judge's order voluntary departure granted to petitioner years ago that he failed to comply with, nor is any asserted by petitioner. Petitioner was first admitted to the United States as a tourist

2

of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." Id. at 1052 (emphasis added).

---

in May 1991, and has remained in this country illegally ever since his initial period of admission expired.

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the necessary travel documents have now been received, and petitioner is now scheduled for deportation on **May 10, 2004.** See Attachment A, Declaration of Supervisory Immigration Enforcement Agent Alan Greenbaum. Accordingly, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future", and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's deportation scheduled for **May 10, 2004.**

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

4

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:    _____
                    FRANK CROWLEY
                    Special Assistant U.S. Attorney
                    Department of Homeland Security
                    P.O. Box 8728
                    J.F.K. Station
                    Boston, MA 02114
                    (617) 565-2415

ATTACHMENT A

## DECLARATION OF SUPERVISORY IMMIGRATION ENFORCEMENT AGENT ALAN GREENBAUM

Pursuant to the authority of 28 U.S.C. § 1746, I, ALAN GREENBAUM, a Supervisory Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE"), declare as follows:

1. I am a Supervisory Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE").

2. Included in my official duties as a Supervisory Immigration Enforcement Agent is the responsibility for supervising and monitoring the execution of orders of removal and deportation as it relates to the process of requesting and obtaining the necessary authorizations, or "travel documents", issued by foreign governments for the return of removable and deportable aliens to their respective home countries, and scheduling these removals and deportations.

3. Each foreign government has its own special prescribed set of requirements for the issuance of travel documents authorizing its acceptance of a removable alien back into its own sovereign territory. Without such issuance of the respective travel documents, the government of the United States cannot practicably schedule travel

arrangements or execute a removal or deportation order.

4. As a Supervisory Immigration Enforcement Agent in Boston, I am familiar with the process for travel document issuance by the various foreign governments, and with the day to day mechanisms of scheduling execution of removal orders in connection with the issuance of these travel documents.

5. At the request of Special Assistant United States Attorney Frank Crowley, I have examined the record-history available to me of efforts made by the ICE to procure travel documents in the case of Piotr ZWIERZYNSKI, Administrative File No. A71 028 837. Upon review of the records available to me as a Supervisory Immigration Enforcement Agent, I can now state that the Polish government has issued travel documents for Piotr ZWIERZYNSKI, and he has now been scheduled for deportation on **May 10, 2004.**

6. Based upon my experience generally as a Supervisory Immigration Enforcement Agent in Boston, Massachusetts, and specifically upon my review of and familiarity with the specific arrangements being made to effect the scheduled deportation of Piotr ZWIERZYNSKI to Poland, there is no basis for me to doubt that he will in fact be deported to Poland as scheduled on **May 10, 2004.** Accordingly, it is also my opinion based upon my statements above that there is more than a substantial likelihood of

Piotr ZWIERZYNSKI being deported to Poland on **May 10, 2004,** as scheduled.

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on: 4-29-04
              Date                 Signature

Alan Greenbaum
Supervisory Immigration
Enforcement Agent
U.S. Dept. Homeland Security
Bureau of Immigration & Customs
Enforcement

3

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on April 29, 2004.

```
                              _____
                              FRANK CROWLEY
                              Special Assistant U.S. Attorney
                              Department of Homeland Security
                              P.O. Box 8728
                              J.F.K. Station
                              Boston, MA 02114
```